JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ALEX BELLAUS, individually and on behalf of others similarly situated,

## DEFENDANTS
TRAFFIC ENGINEERING SERVICES, LLC,

**(b)** County of Residence of First Listed Plaintiff   Warren County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brown, LLC, 155 2nd Street, Suite 4, Jersey City, New Jersey 07302
(877) 561-0000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
    Plaintiff

☒ 3   Federal Question
    *(U.S. Government Not a Party)*

☐ 2   U.S. Government
    Defendant

☐ 4   Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq.
Brief description of cause:
Failure to pay overtime wages

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
10/26/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1037 Third Avenue, Phillipsburg, NJ 08865 _____

Address of Defendant: _____ 4670 Shantz Road, Suite 1, Allentown, PA 18104 _____

Place of Accident, Incident or Transaction: _____ 4670 Shantz Road, Suite 1, Allentown, PA 18104 _____

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this case?    Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] **is** / [•] **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/26/2018__    _____    __79369__
*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.*     *Federal Question Cases:*       *B.*     *Diversity Jurisdiction Cases:*

[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts    [ ] 1. Insurance Contract and Other Contracts
[ ] 2. FELA    [ ] 2. Airplane Personal Injury
[ ] 3. Jones Act-Personal Injury    [ ] 3. Assault, Defamation
[ ] 4. Antitrust    [ ] 4. Marine Personal Injury
[ ] 5. Patent    [ ] 5. Motor Vehicle Personal Injury
[ ] 6. Labor-Management Relations    [ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Civil Rights    [ ] 7. Products Liability
[ ] 8. Habeas Corpus    [ ] 8. Products Liability – Asbestos
[ ] 9. Securities Act(s) Cases    [ ] 9. All other Diversity Cases
[ ] 10. Social Security Review Cases        *(Please specify):* _____
[✓] 11. All other Federal Question Cases
     *(Please specify):* _____ Fair Labor Standards Act, 29 U.S.C. §201 et seq. _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Jason T. Brown _____, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

[ ] Relief other than monetary damages is sought.

DATE: __10/26/2018__    _____    __79369__
*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### CASE MANAGEMENT TRACK DESIGNATION FORM

ALEX BELLAUS, individually and on
behalf of others similarly situated,

        v.

TRAFFIC ENGINEERING
SERVICES, LLC,

CIVIL ACTION

NO.    18    4639

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X)

| 10/26/2018 | Jason T. Brown | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (877) 561-0000 | (855) 582-5297 | jtb@jtblawgroup.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALEX BELLAUS**, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br>vs.<br><br>**TRAFFIC ENGINEERING SERVICES, LLC**,<br><br>    Defendant. | Civil Case No.: |

## COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff Alex Bellaus, individually and on behalf of all others similarly situated, by and through his attorneys, Brown, LLC, hereby brings this Collective and Class Action Complaint against Defendant Traffic Engineering Services, LLC, alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

## INTRODUCTION

1.    Plaintiff brings this action for himself and all other similarly situated collective members to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and attendant regulations at 29 C.F.R. § 516, *et seq*.

2.    Plaintiff also brings this action for himself and on behalf of all other similarly situated Rule 23 class members to recover unpaid straight time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.* ("PMWA") and attendant regulations, 34 Pa. Code § 231.1, *et seq.* as well as the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.* ("WPCL").

3.      Defendant is a MBE/DBE certified company providing "traffic control" and "traffic planning" services in MD, VA, DE and PA.[1]

4.      Plaintiff and the putative FLSA collective and Rule 23 class members were hourly-paid traffic control workers including flaggers, crew leaders and TMA[2] operators employed by Defendant to perform traffic control services at the various clients' job sites.

5.      Defendant implemented a company-wide policy of automatically deducting 30 minutes of pay per workday for meal break irrespective of whether the traffic control workers received *bona fide* meal breaks, i.e., completely relieved from duties for the purposes of eating regular meals.   *See* 29 CFR § 785.19; 34 Pa. Code § 231.1.

6.      Additionally, according to the agreement set forth in the employee handbook, when the workers finish work early at the clients' sites, they are entitled to continue on the clock at Defendant's warehouse until the end of their scheduled work day, and to be paid for the entire scheduled time.

7.      However, in practice, Defendant simply sent the workers home and refused to compensate them for the rest of their scheduled time, even though they were ready and able to work at Defendant's warehouse.   Meanwhile, Defendant was still paid by the clients as though the workers had been on-site for their entire scheduled time.

8.      Defendant violated its statutory and contractual obligations by failing pay the traffic control workers including Plaintiff their entitled straight time wages and overtime at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours they worked in excess of forty (40) per week.

9.      Plaintiff asserts the FLSA claims on behalf of a putative FLSA collective, defined

---

[1] *See* Defendant's website: http://go-tes.com/ (last accessed October 23, 2018).
[2] "Truck-Mounted Attenuator".

as:

> *All hourly-paid traffic control workers including flaggers, crew leaders and TMA operators employed by Defendant at any time from thee (3) years prior to the filing of this Complaint through the date of judgment.*

10.    Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to the hourly-paid traffic control workers of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

11.    Plaintiff asserts the PMWA and WPCL claims on behalf of a putative class pursuant to Fed. R. Civ. P. 23, defined as:

> *All hourly-paid traffic control workers including flaggers, crew leaders and TMA operators employed by Defendant in the Commonwealth of Pennsylvania at any time from thee (3) years prior to the filing of this Complaint through the date of judgment.*

12.    Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

13.    This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

14.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

15.    The Court has personal jurisdiction over Defendant because it engaged in systematic and continuous contacts with the State of Pennsylvania by, *inter alia*, employing individuals to work out of Pennsylvania, including Plaintiff, and Plaintiff's claims arise out of those contacts.

16.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant employed Plaintiff in this district and because a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

17.    Defendant Traffic Engineering Services, LLC is a for-profit entity created and existing under and by virtue of the laws of the State of Maryland.

18.    According to the Pennsylvania Department of State website, Defendant maintains an address in the Commonwealth of Pennsylvania at 6860 North Route 309 Coopersburg, PA 18036 Lehigh.

19.    According to its own website, Defendant maintains a place of business in the Commonwealth of Pennsylvania at 4670 Shantz Road, Allentown, PA 18104.[3]

20.    Plaintiff Alex Bellaus ("Bellaus") is a resident of the County of Warren and State of New Jersey.

21.    Bellaus was employed by Defendant as an hourly-paid traffic control worker from approximately October 2017 through August 17, 2018.

22.    Bellaus was an hourly-paid flagger from approximately October 2017 to March 12, 2018, during which his base rate of pay was $13 an hour.

23.    Bellaus was an hourly-paid crew leader from approximately March 13, 2018 to April 2018, during which his base rate of pay was $15 an hour.

24.    Bellaus was an hourly-paid TMA operator from approximately May 2018 to August 17, 2018, during which his base rate of pay was $17 an hour.

25.    Throughout Bellaus's employment with Defendant, Bellaus reported to

---

[3]    *See* Defendant's website: http://go-tes.com/contact-us (last accessed October 23, 2018).

Defendant's warehouse at 4670 Shantz Road, Allentown, PA 18104 on a daily basis at the beginning and the end of each workday.

26.    Bellaus's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit A**.

## FACTUAL ALLEGATIONS

27.    Defendant has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

28.    Defendant has generated over $500,000 in revenue per year.

29.    Defendant has had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

30.    Defendant has engaged in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

31.    Defendant was/is the "employer" of the traffic control workers including Plaintiff within the meaning of 29 U.S.C. § 203(d) of the FLSA, 43 P.S. § 333.103(g) of the PMWA and 43 P.S. § 260.2a. of the WPCL.

32.    The traffic control workers including Plaintiff were/are "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA and 43 P.S. § 333.103(h) of the PMWA.

33.    Defendant "suffered or permitted" the traffic control workers including Plaintiff to work and thus "employed" them within the meaning of 29 U.S.C. §203(g) of the FLSA and 43 P.S. § 333.103(f) of the PMWA.

34.    Defendant, directly or indirectly, hired the traffic control workers including Plaintiff and determined the rate and method of the payment of their wages.

35.    Defendant controlled the work schedules, duties, protocols, applications, assignments and conditions of employment of the traffic control workers including Plaintiff.

36.    Defendant employed the traffic control workers including Plaintiff to perform traffic control and traffic planning work at the various sites of Defendant's clients such as FirstEnergy Corp, Carr & Duff, Inc., etc.

37.    The traffic control workers including Plaintiff performed primary job duties that do not fall within any exemptions from overtime under the FLSA and PMWA.

38.    The traffic control workers reported to Defendant's warehouse and/or office at the beginning of each workday and drove the company vehicle to the Defendant's clients' job sites to perform work.

39.    After they finished the work at the Defendant's clients' job sites, the traffic control workers drove the company vehicle back to Defendant's warehouse and/or office.

40.    Plaintiff regularly worked 5 days a week and occasionally worked extra days on the weekends.

41.    The traffic control workers including Plaintiff reported their time through a time-recording system ExakTime Mobile.

42.    Defendant implemented a company-wide policy of automatically deducting 30 minutes of pay per workday for meal break irrespective of whether the traffic control workers received *bona fide* meal breaks, i.e., completely relieved from duties for the purposes of eating regular meals.   *See* 29 CFR § 785.19; 34 Pa. Code § 231.1.

43.    Due to the nature of their work, the traffic control workers including Plaintiff regularly worked through meal breaks and did not receive *bona fide* meal breaks.

44.    Plaintiff regularly reported that he did not take meal breaks but the company

automatically deducted 30 minutes of pay per workday no matter whether the traffic control workers received *bona fide* meal breaks.

45.     Additionally, according to the agreement set forth in the employee handbook, when the workers finish work early at the customers' sites, they are entitled to continue on the clock at Defendant's warehouse until the end of their scheduled work day, and to be paid for the entire scheduled time.

46.     However, in practice, Defendant simply sent the workers home and refused to compensate them for the rest of their scheduled time, even though they were ready and able to work at Defendant's warehouse.   Meanwhile, Defendant was still paid by the customers as though the workers had been on-site for their entire scheduled time.

47.     Defendant violated its statutory and contractual obligations by failing pay the traffic control workers including Plaintiff their entitled straight time wages and overtime at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours they worked in excess of forty (40) per week.

48.     Plaintiff and other similarly situated traffic control workers were subjected to the common unlawful policies and practices of Defendant as stated herein that violated the FLSA, PMWA and WPCL.

49.     Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

50.     Defendant's violations of the above-described federal and state wage and hour

statutes and regulations were willful, arbitrary, unreasonable and in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

51.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

52.    Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all hourly-paid traffic control workers including flaggers, crew leaders and TMA operators who have been affected by Defendant's common unlawful policies and practices which include failure to pay overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq*.

53.    Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of:

> *All hourly-paid traffic control workers including flaggers, crew leaders and TMA operators employed by Defendant at any time from thee (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

54.    Plaintiff brings this collective action against Defendant to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

55.    The collective action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

56.    Plaintiff seeks to send Notice to the traffic control workers of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

57.    Certification of the collective action under the FLSA is appropriate because the

employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they had the same job positions and performed the same or similar job duties as one another on behalf of Defendant; (b) they were subject to the same or similar unlawful policies and practices as stated herein; and (c) their claims are based upon the same factual and legal theories.

58.     Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

59.     Plaintiff and the putative FLSA collective members demand a trial by jury.

## RULE 23 CLASS ACTION ALLEGATIONS

60.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

61.     Plaintiff also seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, for an on behalf all hourly-paid traffic control workers including flaggers, crew leaders and TMA operators who have been affected by Defendant's common unlawful policies and practices which include failure to pay straight time and overtime wages, in violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.* ("PMWA") and attendant regulations, 34 Pa. Code § 231.1, *et seq*. as well as the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.* ("WPCL").

62.     Plaintiff brings this Rule 23 class action on his own behalf and on behalf of:

> *All hourly-paid traffic control workers including flaggers, crew leaders and TMA operators employed by Defendant in the Commonwealth of Pennsylvania at any time from thee (3) years prior to the filing of this Complaint through the date of judgment.*

9

Plaintiff reserves the right to amend this definition as necessary.

63.    Plaintiff brings this Rule 23 class action against Defendant to recover unpaid straight time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the PMWA and WPCL.

64.    The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical. Plaintiff reasonably estimates that there are a substantial number of class members in the Commonwealth of Pennsylvania. The Rule 23 class members should be easy to identify from Defendant's payroll and personnel records.

65.    There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member.

66.    Plaintiff's claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. All of the class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay straight time and overtime wages. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

67.    Plaintiff was employed by Defendant in the same capacity as all of the class members. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay straight time and overtime wages. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

68.     Plaintiff will fully and adequately protect the interests of the class members and have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and his counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

69.     Defendant's corporate-wide policies and practices affected all class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claim arises from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and his counsel know of no unusual difficulties in this case.

70.     Plaintiff and the Rule 23 class members demand a trial by jury.

**COUNT I**
**(29 U.S.C. § 216(b) Individual Claim)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**Failure to Pay Overtime Wages**

71.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

72.     29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

73.     Defendant implemented a company-wide policy of automatically deducting 30 minutes of pay per workday for meal break irrespective of whether Plaintiff received *bona fide* meal breaks, i.e., completely relieved from duties for the purposes of eating regular meals.

74.     Plaintiff regularly worked through meal breaks and did not receive *bona fide* meal

breaks.

75.     Additionally, Defendant improperly sent Plaintiff home early and refused to compensate Plaintiff for the full scheduled work time, even though he was ready and able to work.   Meanwhile, Defendant was still paid by the clients as though Plaintiff had been on-site for his entire scheduled time.

76.     Defendant failed to pay Plaintiff overtime compensation at a rate not less than one and one-half (1.5) times his regular rate of pay for hours he worked in excess of forty (40) per workweek.

77.     Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

78.     Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

79.     As a result of Defendant's uniform and common policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT II**
**(29 U.S.C. § 216(b) Collective Action Claim)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**Failure to Pay Overtime Wages**

80.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

81.     29 U.S.C. § 207(a)(1) provides:

[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives

12

compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

82.     Defendant implemented a company-wide policy of automatically deducting 30 minutes of pay per workday for meal break irrespective of whether Plaintiff and the putative FLSA collective members received *bona fide* meal breaks, i.e., completely relieved from duties for the purposes of eating regular meals.

83.     Plaintiff and the putative FLSA collective members regularly worked through meal breaks and did not receive *bona fide* meal breaks.

84.     Additionally, Defendant improperly sent Plaintiff and the putative FLSA collective members home early and refused to compensate them for the full scheduled work time, even though they were ready and able to work.   Meanwhile, Defendant was still paid by the clients as though Plaintiff and the putative FLSA collective members had been on-site for their entire scheduled time.

85.     Defendant failed to pay Plaintiff the FLSA collective members overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for hours they worked in excess of forty (40) per workweek.

86.     Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

87.     Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

88.     As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the FLSA collective members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total

unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## COUNT III
### (Individual Claim)
### <u>Violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq*.</u>
### <u>Failure to Pay Overtime Wages</u>

89.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

90.    Defendant implemented a company-wide policy of automatically deducting 30 minutes of pay per workday for meal break irrespective of whether Plaintiff received *bona fide* meal breaks, i.e., completely relieved from duties for the purposes of eating regular meals.

91.    Plaintiff regularly worked through meal breaks and did not receive *bona fide* meal breaks.

92.    Additionally, Defendant improperly sent Plaintiff home early and refused to compensate Plaintiff for the full scheduled work time, even though he was ready and able to work.   Meanwhile, Defendant was still paid by the clients as though Plaintiff had been on-site for his entire scheduled time.

93.    Defendant failed to pay Plaintiff overtime compensation at a rate not less than one and one-half (1.5) times his regular rate of pay for hours he worked in excess of forty (40) per workweek.

94.    Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

95.    As a result of Defendant's uniform and common policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to

PMWA.

## COUNT IV
### (Fed R. Civ. P. 23 Class Action Claim)
### Violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.*
### Failure to Pay Overtime Wages

96.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

97.     Defendant implemented a company-wide policy of automatically deducting 30 minutes of pay per workday for meal break irrespective of whether Plaintiff and the putative Rule 23 class members received *bona fide* meal breaks, i.e., completely relieved from duties for the purposes of eating regular meals.

98.     Plaintiff and the putative Rule 23 class members regularly worked through meal breaks and did not receive *bona fide* meal breaks.

99.     Additionally, Defendant improperly sent Plaintiff and the putative Rule 23 class members home early and refused to compensate them for the full scheduled work time, even though they were ready and able to work.    Meanwhile, Defendant was still paid by the clients as though Plaintiff and the putative Rule 23 class members had been on-site for their entire scheduled time.

100.     Defendant failed to pay Plaintiff the Rule 23 class members overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for hours they worked in excess of forty (40) per workweek.

101.     Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

102.     As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the Rule 23 class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total

unpaid amounts, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to PMWA.

**COUNT V**
**(Individual Claim)**
**Violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.***
**Failure to Pay Straight Time and Overtime Wages**

103.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

104.    Defendant implemented a company-wide policy of automatically deducting 30 minutes of pay per workday for meal break irrespective of whether Plaintiff received *bona fide* meal breaks, i.e., completely relieved from duties for the purposes of eating regular meals.

105.    Plaintiff regularly worked through meal breaks and did not receive *bona fide* meal breaks.

106.    Additionally, Defendant improperly sent Plaintiff home early and refused to compensate Plaintiff for the full scheduled work time, even though he was ready and able to work.   Meanwhile, Defendant was still paid by the clients as though Plaintiff had been on-site for his entire scheduled time.

107.    Defendant violated its statutory and contractual obligations by failing to pay Plaintiff his entitled straight time wages and overtime at a rate of not less than one and one-half (1.5) times his regular rate of pay for hours he worked in excess of forty (40) per week.

108.    Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

109.    As a result of Defendant's uniform and common policies and practices described above, Plaintiff was illegally deprived of straight time and overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs and other

compensation pursuant to WPCL.

## COUNT VI
### (Fed R. Civ. P. 23 Class Action Claim)
### Violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.*
### Failure to Pay Straight Time and Overtime Wages

110.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

111.    Defendant implemented a company-wide policy of automatically deducting 30 minutes of pay per workday for meal break irrespective of whether Plaintiff and the putative Rule 23 class members received *bona fide* meal breaks, i.e., completely relieved from duties for the purposes of eating regular meals.

112.    Plaintiff and the putative Rule 23 class members regularly worked through meal breaks and did not receive *bona fide* meal breaks.

113.    Additionally, Defendant improperly sent Plaintiff and the putative Rule 23 class members home early and refused to compensate them for the full scheduled work time, even though they were ready and able to work.    Meanwhile, Defendant was still paid by the clients as though Plaintiff and the putative Rule 23 class members had been on-site for their entire scheduled time.

114.    Defendant violated its statutory and contractual obligations by failing to pay Plaintiff and the putative Rule 23 class members their entitled straight time wages and overtime at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours they worked in excess of forty (40) per week.

115.    Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

116.    As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the Rule 23 class members were illegally deprived of straight time and

overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to WPCL.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A)    A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B)    A declaratory judgment that Defendant's wage practices alleged herein violate the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.* and attendant regulations, 34 Pa. Code § 231.1, *et seq.* as well as the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.*;

(C)    An Order for injunctive relief ordering Defendant to comply with the FLSA, PMWA and WPCL and end all of the illegal wage practices alleged herein;

(D)    Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E)    Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the PMWA and WPCL claims set forth herein;

(F)    Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G)     Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(H)     Designating Lead Plaintiff as the representatives of the FLSA collective and Rule 23 class in this action;

(I)     Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Class in this action;

(J)     Judgment for damages for all unpaid overtime wages and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(K)     Judgment for damages for all unpaid straight time and overtime wages, liquidated damages and pre- and post-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.* and attendant regulations, 34 Pa. Code § 231.1, *et seq.* as well as the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.*;

(L)     An incentive award for the Lead Plaintiff for serving as representative of the FLSA collective and Rule 23 class in this action;

(M)     Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA, PMWA and WPCL;

(N)     Judgment for any and all civil penalties to which Plaintiff and the FLSA collective and Rule 23 class members may be entitled; and

(O)     Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through his attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: October 26, 2018

_Jason T. Brown_

Jason T. Brown
Nicholas Conlon (*pro hac vice pending*)
Ching-Yuan ("Tony") Teng (*pro hac vice pending*)
**BROWN, LLC**
155 2nd Street, Suite 4
Jersey City, New Jersey 07302
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com
tonyteng@jtblawgroup.com

*Attorneys for Plaintiff*

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**ALEX BELLAUS**, individually and on behalf
of others similarly situated,

       Plaintiff,

vs.

**TRAFFIC ENGINEERING SERVICES,
LLC**,

       Defendant.

Civil Case No.:

### CONSENT TO SUE

      I hereby consent to be a Plaintiff in the Fair Labor Standards Act case captioned above. I hereby consent to the bringing of any claims I may have under the Fair Labor Standards Act (for unpaid minimum wages, overtime, liquidated damages, attorney's fees, costs and other relief) and applicable state wage and hour law against the Defendant(s). I further consent to bringing these claims on a collective and/or class basis with other current/former employees of Defendant(s), to be represented by Brown, LLC, and to be bound by any settlement of this action or adjudication by the Court.

**Signed:** _____  **Dated:** 10/26/2018 _____

**Name:** Alex Bellaus _____

**Address:** ████████ _____
                           *Street*

        ████, Nj, 08865 _____
                        *City, State, Zip Code*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF PENNSYLVANIA

# CREDIT CARD COLLECTION NETWORK

# AUTHORIZATION FORM

JTB Law Group, LLC -for complaint filing fee $400

**(Name of Company/Firm)**

**hereby authorizes the United States District Court for the Eastern District of Pennsylvania to charge the following bank credit card number for payment of filing fees and other court-related expenses.**

**PLEASE PRINT:**

**Visa No.:** _____    **Exp. Date:** _____

**MasterCard No.:** _____    **Exp. Date:** _____

**American Express No.:** 372719023301026    **Exp. Date:** 11/20

**Other:** _____    **Exp. Date:** _____

**Name:** Ching-Yuan Teng, JTB Law Group, LLC

**Address:** 68 Independence Way

**City:** Jersey City    **State:** NJ    **Zip Code:** 07305

**Phone No.:** (877) 561-0000    **Fax No.:** (855) 582-5297

**This informationform shall remain in effect until specifically revoked in writing. It is the responsibility of the firm/company named herein to notify the Clerk's Office of the new expiration date when a credit card has been renewed, or if a credit card has been cancelled or revoked.**

**Signature (Firm's Partner):** _____    **Date:** 10/26/2018